1  McGREGOR W. SCOTT
   United States Attorney
2  SAMUEL WONG
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2772

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                     EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,    )   NO. CR. S-08-500 EJG
                                )
12              Plaintiff,      )   STIPULATION AND ORDER CONTINUING
                                )   STATUS CONFERENCE AND EXCLUDING
13         v.                   )   TIME UNDER THE SPEEDY TRIAL ACT
                                )
14 DONALD WOODWORTH PARKER,     )   Court:  Hon. Edward J. Garcia
   et al.,                      )   Date:   December 12, 2008
15                              )   Time:   10:00 a.m.
                Defendants.     )
16 _____)

17

18      Whereas, there is currently set a status conference on

19 December 12, 2008, at 10:00 a.m.;

20      Whereas, plaintiff United States of America will very soon

21 be producing to defendants computer disk(s) containing

22 approximately 4,000 pages of discovery;

23      Whereas, both defense counsel will need additional time to

24 review the discovery, conduct legal research, conduct additional

25 factual investigation, and communicate with his respective client

26 regarding this case,

27      IT IS HEREBY stipulated between plaintiff United States of

28 America, on the one hand, and defendants Donald Parker and Steven

                                 1

1  Parker, on the other hand, by and through their respective
2  undersigned counsel, that the previously set December 12, 2008,
3  at 10:00 a.m., status conference shall be continued to January
4  23, 2009, at 10:00 a.m.
5      It is further stipulated and agreed between the parties that
6  the time period from the date of this stipulation, December 10,
7  2008, through and including January 23, 2009, shall be excluded
8  from computation of time within which the trial of the above
9  criminal prosecution must commenced under the Speedy Trial Act or
10 the grounds that the case is so unusual or so complex within the
11 meaning of the Speedy Trial Act and for defense preparation as
12 described in this stipulation.  All parties stipulate and agree
13 that these are appropriate exclusions of time within the meaning
14 of Title 18, United States Code, Section 3161(h)(8)(B)(ii) and
15 (iv), and Local Codes T2 and T4.
16 Dated:  December 10, 2008            Respectfully submitted,

                                        /s/ W. Bradley Holmes
                                       W. BRADLEY HOLMES
                                       Attorney for defendant
                                       Donald Woodworth Parker
                                       (per email authorization)

                                        /s/ Jeffrey Staniels
                                       JEFFREY STANIELS
                                       Assistant Federal Defender
                                       Attorney for defendant
                                       Steven Woodworth Parker
                                       (per email authorization)

                                       McGREGOR W. SCOTT
                                       United States Attorney

                                       By: /s/Samuel Wong
                                           SAMUEL WONG
                                           Assistant U.S. Attorney

ORDER

Based on the stipulation of the parties and good cause appearing therefrom, the Court hereby adopts the stipulation of the parties in its entirety as its order.

Based on the stipulation of the parties and good cause appearing therefrom, the Court hereby finds that: (1) given the large amount of discovery involved in this case, the case is unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (2) the failure to grant a continuance in this case would deny defense counsel reasonable time for effective preparation taking into account the exercise of due diligence.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: December 12, 2008          /s/ Edward J. Garcia
                                  EDWARD J. GARCIA
                                  United States District Judge